**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| RICHARD O. BOVEY,<br>on behalf of plaintiff and a class,<br><br>                    Plaintiff,<br><br>          vs.<br><br>MEDSHIELD, INC.;<br>JACOB, HAMMERLE & JOHNSON, LLC;<br>DEREK F. JOHNSON;<br>JEFFREY S. JACOB;  and<br>CHRISTOPHER J. HAMMERLE;<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)  Case No. 1:12-cv-728<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT  – CLASS ACTION**

**INTRODUCTION**

1.      Plaintiff Richard O. Bovey brings this action to secure redress from unlawful collection practices engaged in by Defendants Medshield, Inc. ("Medshield"), Jacob, Hammerle & Johnson, LLC ("JHJ"), and Derek F. Johnson ("Johnson").  Also named are two other members of JHJ made liable under Indiana law for its actions, Jeffrey S. Jacob and Christopher J. Hammerle. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

**VENUE AND JURISDICTION**

2.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue and personal jurisdiction in this District are proper because defendants' collection communications were received by plaintiff within this District.

**PARTIES**

4.      Plaintiff Richard O. Bovey  is an individual who resides in Lawrence Township, Marion County, Indiana.

5.      Defendant JHJ is a law firm organized as an Indiana limited liability company

with offices at 1393 West Oak Street, Zionsville, Indiana 46077.

6.       JHJ is a member-managed limited liability company with three members.

7.       JHJ regularly collects defaulted consumer debts originally owed (prior to alleged default) to others.

8.       Among the "areas of practice" listed on its web site (www.jhjlegal.com) is "creditor's rights."

9.       Among the clients listed on the same web site are two major collection agencies,  Medshield, Inc., and Eagle Accounts.

10.      JHJ uses the mails and telephone system in conducting its business.

11.      JHJ is a debt collector as defined in the FDCPA.

12.      Defendant Johnson is one of the members of JHJ who practices through  JHJ at 1393 West Oak Street, Zionsville, Indiana 46077.

13.      Defendant Johnson regularly collects defaulted consumer debts originally owed to others.

14.      Defendant Johnson  uses the mails for that purpose.

15.      Defendant Johnson  is a debt collector as defined in the FDCPA.

16.      Defendants Jeffrey S. Jacob ("Jacob") and Christopher J. Hammerle ("Hammerle") are the other two members of JHJ who practice at 1393 West Oak Street, Zionsville, Indiana 46077.

17.      Defendant Medshield is an Indiana corporation with offices at 2424 E. 55th Street, Suite 100, Indianapolis, IN 46220.

18.      Medshield  regularly collects allegedly defaulted consumer debts originally owed to others.

19.      Medshield uses the mails and telephone system in conducting its business.

20.      Medshield is a debt collector as defined in the FDCPA.

## FACTS

21.     This action concerns attempts to collect from plaintiff an allegedly delinquent medical bill resulting from services performed at Indiana Heart Hospital.  Plaintiff disputed the bill because the Hospital improperly performed services (a catheter tube was left in plaintiff in error) and then billed plaintiff for correction of the improperly-performed services.  Any bills relating to plaintiff's medical treatment would have been for personal, family or household purposes.

22.     Indiana Heart Hospital is also located in Lawrence Township.

23.     Any writing relating to the debt would therefore have been signed in Lawrence Township.

24.     On or about September 2, 2011, the collection letter attached as Exhibit A was sent to plaintiff.  Plaintiff received it thereafter.

25.     Exhibit A directs questions to the number 317/ 613-3730.

26.     The number 317/ 613-3730 is answered by Medshield, not JHJ.

27.     Nothing on Exhibit A discloses that the number is answered by Medshield, Inc. and not the attorney.

28.     Exhibit A has an address of PO Box 20468, Indianapolis, IN 46205.

29.     On information and belief, PO Box 20468 is used by Medshield.

30.     The return address on the envelope (Exhibit B) was also PO Box 20468, Indianapolis, IN 46205.

31.     The postage meter stated that the letter was mailed from zip code 46220, which is where Medshield is located.  JHJ is not located in zip code 46220.

32.     Exhibit A purports to come from an attorney.  The first paragraph of text states that "This office has been retained by Med Shield, Inc. to collect an outstanding balance from you . . . ."  Later, the letter inquires if you "want to resolve this matter without a lawsuit" and states, "The law does not require this office to wait until the end of the 30 day period before suing you . . . . ."

3

33.     On information and belief, Exhibit A is sent by Medshield, Inc. without the professional involvement of JHJ or any other attorney.

34.     Exhibit A is a form letter regularly used to collect debts allegedly owed to Medshield.

35.     Another example of the form letter is attached as Exhibit C.

36.     On September 9, 2011, plaintiff disputed the debt (Exhibit D).

37.     Without verifying the debt, Medshield, Inc., represented by JHJ and Johnson, filed suit against plaintiff on October 20, 2011.  A copy of the notice of claim is attached as Exhibit E.

38.     The case was originally filed in Decatur Township Small Claims Court.

39.     Plaintiff does not reside in Decatur Township.

40.     Plaintiff did not sign any contract relating to the alleged debt in Decatur Township.

41.     The address given for JHJ on Exhibit E is not that on Exhibit A.

42.     One of the court records relating to the lawsuit (Exhibit F) lists as the address for JHJ:   PO Box 17400, Indianapolis, IN 46217.

43.     This is not the address of JHJ but of Eagle Accounts, another collection agency JHJ is involved with.

44.     Plaintiff defended the collection action, which, after being transferred twice to other townships (each transfer results in a new case number), was dismissed with prejudice on May 1, 2012.  (Exhibit G)

45.     It is the policy and practice of JHJ to allow collection agencies such as Medshield to send collection letters purporting to come from JHJ and referring to litigation without the professional involvement of an attorney.

46.     It is the policy and practice of Medshield to send collection letters on the purported letterhead of JHJ without the professional involvement of an attorney.

47.     It is the policy and practice of Medshield and JHJ to file collection lawsuits in township small claims courts located other than a township in which the defendant lives or signed a contract in person.

48.     Under Burns Ind. Code Ann. §§33-34-1-2, each township small claims court is a separate court.

49.     Notwithstanding this, it is common practice for collection attorneys to file lawsuits in the wrong township court, as set forth in Exhibit H, paragraphs 54-61.

## LIABILITY OF CERTAIN DEFENDANTS

50.     Defendants Hammele and Jacobs are liable for the acts set forth above to the extent provided by  Ind. R. Admis. B. & Disc. Att'y Rule 27 Sr. 1, which states:

**Section 1. General Provisions.**

**One or more lawyers may form a professional corporation, limited liability company or a limited liability partnership for the practice of law under Indiana Code 23-1.5-1, IC 23-18-1 and IC 23-4-1, respectively. . . .**

**(f) Each officer, director, shareholder, member, partner or other equity owner of a professional corporation, limited liability company, or limited liability partnership shall be liable for his or her own acts of fraud, defalcation or theft or errors or omissions committed in the course of rendering professional legal services as provided by law including, but not limited to, liability arising out of the acts of fraud, defalcation or theft or errors or omissions of another lawyer over whom such officer, director, shareholder, member, partner or other equity owner has supervisory responsibilities under Rule 5.1 of the Rules of Professional Conduct, without prejudice to any contractual or other right that the aggrieved party may be entitled to assert against a professional corporation, limited liability company, limited liability partnership, an insurance carrier, or other third party.**

**(g) A professional corporation, limited liability company or limited liability partnership shall maintain adequate professional liability insurance or other form of adequate financial responsibility for any liability of the professional corporation, limited liability company, or limited liability partnership arising from acts of fraud, defalcation or theft or errors or omissions committed in the rendering of professional legal services by an officer, director, shareholder, member, partner, other equity owner, agent, employee or manager of the professional corporation, limited liability company or limited liability partnership.**

**(1) "Adequate professional liability insurance" means one or more policies of attorneys' professional liability insurance or other form of adequate financial responsibility that insure the professional**

corporation, limited liability company or limited liability partnership or both;

  (i) in an amount for each claim, in excess of any insurance deductible or deductibles, of fifty thousand dollars ($ 50,000), multiplied by the number of lawyers practicing with the professional corporation, limited liability company or limited liability partnership; and

  (ii) in an amount of one hundred thousand dollars ($ 100,000) in excess of any insurance deductible or deductibles for all claims during the policy year, multiplied by the number of lawyers practicing with the professional corporation, limited liability company or limited liability partnership.

However, no professional corporation, limited liability company or limited liability partnership shall be required to carry insurance or other form of adequate financial responsibility of more than five million dollars ($ 5,000,000) per claim, in excess of any insurance deductibles, or more than ten million dollars ($ 10,000,000) for all claims during the policy year, in excess of any insurance deductible.

The maximum amount of any insurance deductible under this Rule shall be as prescribed from time to time by the Board of Law Examiners.

 (2) "Other form of adequate financial responsibility" means funds, in an amount not less than the amount of professional liability insurance applicable to a professional corporation, limited liability company or limited liability partnership under section (g)(1) of this Rule, available to satisfy any liability of the professional corporation, limited liability company or limited liability partnership arising from acts of fraud, defalcation or theft or errors or omissions committed in the rendering of professional legal services by an officer, director, shareholder, other equity owner, member, partner, agent, employee or manager of the professional corporation, limited liability company or limited liability partnership. These funds shall be available in the form of a deposit in trust of cash, bank certificates of deposit, United States Treasury obligations, bank letters of credit or surety bonds, segregated form all other funds of the professional corporation, limited liability company or limited liability partnership and held for the exclusive purpose of protecting any aggrieved party of the professional corporation, limited liability company or limited partnership in compliance with this Rule.

(h) Each officer, director, shareholder, member, partner or other equity owner of a professional corporation, limited liability company or limited liability partnership shall be jointly and severally liable for any liability of the professional corporation, limited liability company or limited liability partnership based upon a claim arising from acts of fraud, defalcation or theft or errors or omissions committed in the rendering of professional legal services while he or she was an officer, director, member, shareholder, partner or other equity owner, in an amount not to exceed the aggregate of both of the following:

**(1) The per claim amount of professional liability insurance or other form of adequate financial responsibility applicable to the professional corporation, limited liability company or limited liability partnership under this Rule, but only to the extent that the professional corporation, limited liability company or limited liability partnership fails to have the professional liability insurance or other form of adequate financial responsibility required by this Rule; and**

**(2) The deductible amount of the professional liability insurance applicable to the claim.**

**The joint and several liability of the shareholder, member, partner or other equity owner shall be reduced to the extent that the liability of the professional corporation, limited liability company or limited liability partnership has been satisfied by the assets of the professional corporation, limited liability company or limited liability partnership. . . .**

## COUNT I – FDCPA – CLASS CLAIM

51.    Plaintiff incorporates paragraphs 1-50.

52.    Defendants' practices with respect to the use of letters in the form of Exhibit A violate 15 U.S.C. §§1692e, 1692e(2), 1692e(10), and 1692e(14).   In addition, JHJ violates 15 U.S.C. §§1692j by allowing Medshield to send letters on JHJ's purported letterhead.

53.    Section 1692e provides:

**§ 1692e.        False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)        The false representation of--**

**(A)        the character, amount, or legal status of any debt; or**

**(B)        any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**

**(3)        The false representation or implication that any individual is an attorney or that any communication is from an attorney. . . .**

**(10)        The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

**(14)    The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .**

54.    15 U.S.C. §1692j provides:

**§ 1692j.        Furnishing certain deceptive forms [Section 812 of P.L.]**

**(a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.**

**(b) Any person who violates this section shall be liable to the same extent and in the same manner as a debt collector is liable under section 1692k of this title for failure to comply with a provision of this subchapter.**

## CLASS ALLEGATIONS

55.    Plaintiff brings this action on behalf of a class, pursuant to Fed. R.Civ.P. 23(a) and (b)(3).  The class consists of (a) all natural persons (b) to whom any of the defendants sent a letter in the form represented by Exhibit A (c) on or after a date one year prior to the filing of this action, and less than 20 days after the filing of this action.

56.    The class members are so numerous that joinder is impracticable.  On information and belief, there are more than 50 members.

57.    There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.  The predominant common question is whether defendants' letter complies with the FDCPA.

58.    Plaintiff will fairly and adequately represent the interests of the class members.  Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

59.    A class action is an appropriate means of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff

and the class members and against defendants for:

> (1)    Statutory damages ($1,000 to plaintiff and the lesser of $500,000
>
>           or 1% of net worth for the class) against each defendant;
>
> (2)    Attorney's fees, litigation expenses and costs of suit;
>
> (3)    Such other or further relief as the Court deems proper.

## COUNT II – FDCPA – CLASS CLAIM

60.    Plaintiff incorporates paragraphs 1-50.

61.    Defendants' practice of filing small claims cases in a township in which the

debtor neither resides nor signed a contract on which the action is based violates 15 U.S.C. §1692i.

62.    Section 1692i provides:

> **§ 1692i.    Legal actions by debt collectors [Section 811 of P.L.]**
>
> **(a) Any debt collector who brings any legal action on a debt against any consumer shall--**
>
> **(1)    in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or**
>
> **(2)    in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity--**
>
> > **(A)    in which such consumer signed the contract sued upon; or**
> >
> > **(B)    in which such consumer resides at the commencement of the action.**
>
> **(b) Nothing in this subchapter shall be construed to authorize the bringing of legal actions by debt collectors.**

## CLASS ALLEGATIONS

63.    Plaintiff brings this action on behalf of a class, divided into two subclasses,

A and B, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

64.    Subclass A consists of (a) all natural persons (b) sued by Medshield (c) in a

township small claims court (d) for a township other than one in which the person resided or signed

a contract on which the debt is based (e) where either the original action or a proceeding supplemental was filed on or after a date one year prior to the filing of this action, and less than 20 days after the filing of this action.

65.     Subclass B consists of (a) all natural persons (b) sued by JHJ (c) in a township small claims court (d) for a township other than one in which the person resided or signed a contract on which the debt is based (e) where either the original action or a proceeding supplemental was filed on or after a date one year prior to the filing of this action, and less than 20 days after the filing of this action.

66.     The class members are so numerous that joinder is impracticable.   On information and belief, there are more than 50 members.

67.     There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.  The predominant common question is whether defendants' filing practices violate the FDCPA.

68.     Plaintiff will fairly and adequately represent the interests of the class members.  Plaintiff has  retained counsel experienced in consumer credit and debt collection abuse cases.

69.     A class action is an appropriate means of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants for:

>   (1)     Statutory damages ($1,000 for  plaintiff  and the lesser of $500,000 or 1% of net worth for the class) against each defendant;
>
>   (2)     Attorney's fees, litigation expenses and costs of suit;
>
>   (3)     Such other or further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
       & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.


s/Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

12